# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN RICHARDSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-01061 |
| v. | (CAPUTO, J.) |
| | (SAPORITO, M.J.) |
| PRISONER TRANSPORT SERVICES OF AMERICA, et al., | |
| Defendants. | |

FILED
WILKES BARRE
MAY 09 2017
Per ____

## MEMORANDUM

In his amended complaint, the plaintiff alleges violation of his federal civil rights while being transported by defendant Prisoner Transport Services of America ("PTS") from Florida to Pike County, Pennsylvania, pursuant to a contract between PTS and defendant Pike County. (Doc. 9).

## I. *Background*

The defendants have requested the plaintiff to submit to an independent medical examination with an unnamed defense psychiatrist at an undisclosed location within the Middle District of Pennsylvania. At the request of counsel for the parties, we conducted a telephonic conference on May 1, 2017, for the purpose of addressing a dispute with respect to the location of the medical examination and who should pay

for the plaintiff's travel expenses from Florida to Pennsylvania if we permit the examination to occur in Pennsylvania. The plaintiff maintains that the defendants have not met the threshold requirements for an order compelling the plaintiff to attend a physical or mental examination. (Doc. 56, at 5). Specifically, the plaintiff urges us to deny the request because the defendants have failed to specify the time, place, manner, conditions, and scope of the examination. (*Id.*). Our reading of Rule 35 requires a motion for good cause with notice to all parties and the person to be examined. Fed. R. Civ. P. 35(a)(2)(A). Assuming those requirements are met by the defendants, we are required to specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. Fed. R. Civ. P. 35 (a)(2)(B). At this point, it is only apparent to the court that the defendants requested a telephone conference with us for the purpose of discussing "the location of plaintiff's independent medical exam." (Doc. 51, at 1). It was not apparent to the court during the conference that the plaintiff was questioning the defendants' entitlement to a psychiatric examination. Rather, the discussion focused on the location of the examination and who shall pay the travel expenses if we ordered the examination in this forum. The plaintiff did not dispute that the

2

defendants are entitled to the examination. Now the plaintiff requests that the court order the defendants to secure an expert in Florida where the plaintiff resides, to arrange a psychiatric evaluation remotely by way of video conference, or to pay the plaintiff's travel and lodging expenses incurred for travelling from his home in Florida to Pennsylvania to be examined.

Counsel for the parties timely submitted their position papers (Doc. 55; Doc. 56) and the matter is now ripe for disposition.

## II. *Legal Standards*

Fed. R. Civ. P. 35(a) permits the court to order a party, whose mental or physical condition is in issue, to submit to a physical or mental examination and to specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. However, the order may be made only on motion for good cause and on notice to all parties and the person to be examined. Fed. R. Civ. P. 35(a)(2)(A). Also, Fed. R. Civ. P. 26(c) provides that upon motion by a party, the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including specifying terms including time and place or the allocation of expenses for discovery. Fed. R. Civ. P. 26(c)(1)(B).

3

## III. Discussion

The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for an examination in that forum. *Sabo v. Fiskars Brands, Inc.*, No. 2:12-cv-00503, 2013 WL 6816683 (D. Idaho, Dec. 20, 2013); *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 399-400 (S.D. Tex. 2013). A doctor's presence at trial is more likely if the doctor is chosen within the jurisdiction of the court. *McCloskey v. United Parcel Ser. Gen. Servs. Co.*, 171 F.R.D. 268, 270 (D. Or. 1997). In addition, the party being examined, with limited exception, must pay his or her own travel expenses to an examination in the forum state. *Id.* An exception to the general rule is made if the part being examined will suffer undue financial hardship by fronting the travel expenses or if the travel expenses could have been avoided by better planning. *Id.*; *Eckmyre v. Lambert*, No. Civ. A. 87-2222, 1988 WL 573858, at * 1 (D. Kan., Sept. 6, 1988). Under this exception, courts have required the party requesting the examination to advance the examinee's travel expenses, which may be deducted (or offset) from any recovery the plaintiff should obtain. *Eckmyre*, 1988 WL 573858, at * 1(better planning of the examination could have coincided with the plaintiff's

deposition, and thus defendant was required to make a travel expense advance); *Warren v. Weber & Heidenthaler, Inc.*, 134 F. Supp. 524, 525 n.1 (D. Mass. 1955) (where plaintiff was destitute and unable to pay his travel expenses to the forum for an examination, defendant ordered to advance the expenses and deduct it from any recovery the plaintiff might obtain).

Nevertheless, a review of Rule 35 requires a motion by the moving party. Based upon the current state of the record and the lack of a formal motion, we are constrained to deny the request without prejudice. However, we remind counsel for the parties that in many instances these matters are resolved by way of a stipulation of counsel. *See generally,* Fed. R. Civ. P. 29. We encourage counsel to discuss the matter further and reach an acceptable solution to the issue. If counsel is unable to agree, the defendants shall file their motion under Rule 35 within fourteen (14) days.

An appropriate order follows.

                                             /s/ Joseph F. Saporito, Jr.
                                          JOSEPH F. SAPORITO, JR.
                                          U.S. MAGISTRATE JUDGE

Dated: May 9, 2017