**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DARREN RICHARDSON,

    Plaintiff,

    v.

PRISONER TRANSPORT SERVICES OF AMERICA,

    Defendant.

No. 3:15-CV-01061

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before me are the following motions: a Motion for Delay Damages filed by Plaintiff Darren Richardson (Doc. 153); and an "Emergency Motion to Stay Execution of Judgment Order and Bill of Costs Pending Disposition of Post-Trial Motions" filed by Defendant Prisoner Transport Services of America ("PTS") (Doc. 156). PTS concurs with Richardson's Motion for Delay Damages, so the Motion will be granted. The parties do not, however, concur with respect to PTS's Emergency Motion.

As a brief background, judgment was entered in this case against PTS on December 12, 2018. (Doc. 147). PTS timely filed its Renewed Motion for Judgment as a Matter of Law ("JMOL motion") (Doc. 155) on January 8, 2019. The JMOL motion is not yet ripe.

However, PTS requests a stay of execution of the judgment until its JMOL motion is resolved. Under Federal Rule of Civil Procedure 62, I may, in my discretion, stay the execution of a judgment pending the disposition of a post-trial motions. To obtain a stay, a party must show: "1) It likely will prevail on the merits of the appeal [or post trial motions]; 2) It will suffer irreparable injury if the stay is denied; 3) Other parties will not be substantially harmed by the stay; and 4) No harm will be done to the public interest." *Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc.*, 153 F.R.D. 73, 74 (E.D. Pa. 1994) (citation omitted). Thus, in order to consider PTS's Emergency Motion, I need to assess the likelihood of PTS's success on its unripe JMOL motion.

The factors weigh against granting PTS's request for a stay.

First, PTS will not be injured in the absence of a stay. It concedes that it "is a secure, national company, with appropriate insurance coverage, whose ability to pay the judgment, in whatever amount, if any, will not be diminished during the time it takes the Court to dispose of the post-trial Motion." (Doc. 157 at 5). I take that to mean PTS can afford the judgment, so I do not see how PTS would "suffer irreparable injury" if I deny its request for a stay. Relatedly, PTS notes it "could, arguably, file an immediate appeal in this matter, thus securing a stay via the submission of a bond." (*Id.* at 4). That further minimizes any injury PTS might suffer without a stay.

Second, PTS is unlikely to succeed on the merits of its JMOL motion. From what I gather, PTS argues the evidence Richardson introduced at trial was insufficient to support the judgment, (*see* Doc. 155 at 4-7), but in effect asks me to reweigh the evidence in PTS's favor. For instance, as to the jury's findings of negligence, PTS argues it "had appropriate policies and procedures in place" and that "[e]vidence was presented showing appropriate hiring and training practices." (*Id.* at 4-5). And with regard to the jury's findings of vicarious liability and awards of compensatory and punitive damages, PTS argues "there was insufficient evidence" or even "no evidence put forth during trial" to support such findings and awards. (*Id.* at 6-7). "Courts," however, "are not free to reweigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable." *Conry v. Baltimore & O.R. Co.*, 112 F. Supp. 252, 256 (W.D. Pa.), *aff'd*, 209 F.2d 422 (3d Cir. 1953). Based on the evidence presented at trial (PTS has not yet filed a brief in support of its JMOL motion), PTS is unlikely to succeed on its insufficiency of the evidence arguments.

Third, and finally, I assume a stay would prejudice Richardson, although perhaps not substantially. Because this Emergency Motion was filed at the end of the thirty-day automatic stay period provided for in Rule 62(a), Richardson has not yet responded. PTS could have requested an extension of the stay period, though, as early as the time judgment was entered. *See* Fed. R. Civ. P. 62 advisory committee's notes (2018 amendments). PTS's choice to bring its Emergency Motion at the very end of the automatic stay period should

2

not count against Richardson. Moreover, this case has been ongoing since May 2015, and Richardson surely has an interest in finality.

In sum, the first two factors weigh heavily against granting a stay, and the third factor is, at best, neutral. PTS's Emergency Motion will therefore be denied.

Accordingly, **NOW**, this 17th day of January, 2019, **IT IS HEREBY ORDERED** that:

(1) Plaintiff Darren Richardson's Motion for Delay Damages (Doc. 153) is **GRANTED**. The judgment of December 12, 2018 entered in favor of Richardson and against Defendant Prisoner Transport Services of America (Doc. 147) is **AMENDED** as follows:

> Judgment is hereby entered in favor of Plaintiff, Darren Richardson, and against Defendant, Prisoner Transport of America, in the amount of $477,733.93.

(2) Defendant Prisoner Transport Services of America's Emergency Motion to Stay Execution of Judgment Order and Bill of Costs Pending Disposition of Post-Trial Motions (Doc. 156) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge