# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN RICHARDSON,

    Plaintiff,

        v.

PRISONER TRANSPORT SERVICES OF AMERICA,

    Defendant.

No. 3:15-CV-01061

(JUDGE CAPUTO)

## **MEMORANDUM**

Defendant Prisoner Transport Services of America ("PTS"), having lost at trial, moves for a second time to stay the execution of judgment. The first time, PTS moved for a stay without providing a bond or other security. (Doc. 156). I denied that motion on the ground that PTS failed to show it would likely prevail on the merits of its post-trial motion or suffer irreparable injury if its request for a stay were denied. (Doc. 166). PTS then filed its Motion for Approval of Security and for Stay of Execution, (Doc. 171), which is presently before me and, having been fully briefed, is ripe for review. PTS has an "Irrevocable Standby Letter of Credit" (Doc. 171-1) which it contends qualifies as "other security" under Federal Rule of Civil Procedure 62(b) and entitles it to a stay. (*See* Doc. 172). Plaintiff Darren Richardson opposes PTS's Motion, arguing *inter alia* that the Letter of Credit is no security at all because it does not evidence the financial strength of the issuing bank, has a limited life span, and places on him impractical collection requirements. (Doc. 177 at 7 n.1). I agree with Richardson that PTS's proposed security is insufficient, and will therefore decline to approve it. PTS's Motion will be denied.

## I. Background

Following a five-day jury trial, judgment was entered in favor of Richardson and against PTS in the amount of $450,000. (*See* Doc. 147). The judgment was amended upon concurrence of the parties to $477,733.93 to account for delay damages available under Pennsylvania law. (*See* Doc. 166 at 3). Costs were subsequently taxed against PTS in the

amount of $15,175.36, (Doc. 173), bringing the total bill to $492,909.29.

Pinnacle Bank, an FDIC insured bank, issued PTS an "Irrevocable Standby Letter of Credit" in the amount of $595,254.50, which is just over 120% of the total judgment PTS owes. (*See* Doc. 171-1 (hereinafter "LOC")). Here is how the Letter of Credit works: Pinnacle Bank will pay Richardson so long as he sends it the following items: (1) an "original or certified copy of th[e] Letter of Credit;" and (2) a certified copy of a court order stating (a) that the judgment entered is final and can no longer be appealed, (b) that Richardson has demanded payment from PTS, (c) that more than ten days have elapsed without PTS paying up in full, and (d) what Richardson is owed. (LOC ¶ D). The Letter lasts for an initial term of one year, after which it automatically extends for another year, and so on in perpetuity, (*id.* ¶ G)—a so-called "evergreen clause." The evergreen clause remains in effect "unless Pinnacle Bank notifies [Richardson] and PTS in writing . . . . that th[e] Letter of Credit will not be automatically extended." (*Id.*). If Pinnacle declines to extend the Letter, Richardson gets to draw upon "the full remaining amount available under it," so long as he complies with the aforementioned collection procedure before the expiration date. (*Id.*). In that event, the requirement that the court order state that judgment is final and unappealable is waived. (*Id.*).

Those provisions are separate from the clauses governing termination of the Letter, however. If Richardson tries to draw upon the Letter after it terminates, such a drawing "will not be honored." (*Id.* ¶ H). The Letter will terminate for a number of reasons, including if this Court enters an order vacating the judgment in part. (*Id.* ¶ H(iii)). Additionally, the Letter terminates if "Pinnacle Bank receives a dated written statement on [PTS letterhead], copied via email or overnight mail to [Richardson], notifying Pinnacle Bank that PTS has terminated and cancelled th[e] Letter of Credit." (*Id.* ¶ H(vii)).

## II. Legal Standard

Federal Rule of Civil Procedure 62(b) allows a party to "obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The

2

newly-amended Rule 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62, advisory committee's notes (2018 amendments). As is relevant here, "[t]he rule's text makes explicit the opportunity to post security in a form other than a bond." *Id.*

The "other security" posted must still "provide sufficient protection" for the judgment creditor. *Deutsche Bank Nat'l Tr. Co. v. Cornish*, No. 18-2429, 2019 WL 462484, at *7 (7th Cir. Feb. 6, 2019) (holding the "security interest in the underlying property" is ordinarily sufficient security "in appeals from mortgage foreclosure judgments"). Under ordinary circumstances, security provides sufficient protection if it covers the judgment in full (plus costs and interest) and remains in force through post-trial and appellate proceedings. *See Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring) (bond "protects the judgment creditor's position from erosion during any period that its right to execute is obstructed by a stay pending appeal—erosion that could occur if the creditor's financial position takes a turn for the worse or the creditor puts assets beyond the debtor's reach"); *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993) ("The bond should normally be sufficient in amount to satisfy the judgment in full, plus interests and costs."). Put simply, "a bond or irrevocable letter of credit" that "*assures* the judgment creditor of payment in full," *Olympia Equip. Leasing Co.*, 786 F.2d at 800 (Easterbrook, J., concurring), come what may, is adequate security. Upon a court's approval of security, the stay provided for by Rule 62(b) is "automatic." *Becker v. United States*, 451 U.S. 1306, 1308 (1981) (Rehnquist, J., in chambers); *see Cornish*, 2019 WL 462484, at *4 (collecting cases).

### III. Discussion

PTS argues that its Letter of Credit, which covers over 120% of the judgment, is virtually "indistinguishable from a surety bond" and thus provides Richardson sufficient protection. (Doc. 172 at 6). In support, PTS points to an order approving a nearly identical letter of credit in *Advanced Fluid Sys., Inc. v. Huber*, No. 1:13-cv-3087 (M.D. Pa. May 17, 2018). Richardson responds that the Letter does not speak to Pinnacle Bank's financial

3

strength, has too limited a duration, and requires a burdensome collection procedure. (Doc. 177 at 7 n.1).

I address PTS's second point first. The court in *Advanced Fluid Systems* approved the defendants' letter of credit because the plaintiff objected not "to the sufficiency of the proposed letter" but instead "to the [defendants'] alleged delay and lack of diligence in proffering security[.]" *Advanced Fluid Sys., Inc. v. Huber*, No. 1:13-cv-3087, Doc. 379 at 2 (M.D. Pa. May 17, 2018). Here, Richardson objects to the sufficiency of the Letter, so PTS's reliance on *Advanced Fluid Systems* is misplaced. Regardless, as PTS concedes, it is within my discretion to approve the Letter at issue. (Doc. 178 at 4).

I will not approve the Letter because it does not adequately protect Richardson. The termination clauses in particular fail to assure payment in full throughout post-trial and appellate proceedings, unlike a typical supersedeas bond. First, although Pinnacle Bank's notice of non-renewal would permit Richardson to draw upon the Letter, (LOC ¶ G), PTS's unilateral termination—achieved simply by notifying Richardson and Pinnacle Bank—leaves Richardson no recourse (*id.* ¶ H(vii)). That, by itself, renders the Letter insufficient. *See Hodak v. Madison Capital Mgmt., LLC*, No. CIV.A. 5:07-5-JMH, 2009 WL 854177, at *1 (E.D. Ky. Mar. 27, 2009) ("The irrevocable letter of credit envisioned by the Court, even with the required evergreen clause, would not offer . . . adequate protection. This is because, if the irrevocable letter of credit is not renewed . . . for any reason prior to resolution of the appeal, [the judgment creditor] will be left without recourse for the unpaid judgment debt[.] . . . This is so even though the stay would expire[.]"). And second, the Letter terminates if this Court enters an order vacating the judgment in part. (LOC ¶ H(iii)). Thus, Richardson is hung out to dry if PTS prevails on its renewed motion for judgment as a matter of law, the Court vacates only a portion of the judgment, and PTS still owes Richardson damages. (*Compare id. with Advanced Fluid Sys., Inc. v. Huber*, No. 1:13-cv-3087, Doc. 375-1 at ¶ H(iii) (M.D. Pa. May 8, 2018) ("This Letter of Credit shall terminate [when] . . . the Court enters an order vacating [the judgment] *in whole*[.]" (emphasis added))). This too reveals the Letter's inadequacy, especially since the next termination clause provides the Letter

terminates when "the judgment . . . is affirmed on appeal . . . in whole or in part, . . . *and the judgment is paid by or on behalf of PTS*[.]" (LOC ¶ H(iv) (emphasis added)). I fail to see why the emphasized portion of that clause is not a caveat to *all* the termination clauses, given PTS knows the purpose of security is to protect Richardson's ability to recover in full. (Doc. 172 at 3 (citing *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993); *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997))).

Because the Letter is inadequate security on the basis of its termination clauses, I will not approve it. I accordingly decline to address Richardson's arguments about Pinnacle Bank's financial strength or the burden the collection procedure poses; however, PTS may wish to anticipate these concerns when obtaining adequate security.

## IV. Conclusion

For the foregoing reasons, PTS's Motion for Approval of Security and for Stay of Execution will be denied.

An appropriate order follows.

February 27, 2019 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

5